**MCGINNIS WUTSCHER BEIRAMEE LLP**
Deborah S. Gershon (SBN 93816)
Email: dgershon@mwbllp.com
Sherilyn Learned O'Dell, *Of Counsel* (SBN 145315)
Nancy C. Eng, *Of Counsel* (SBN 194756)
19200 Von Karman Avenue, Suite 750
Irvine, California 92612
Telephone: (714) 384-4250
Facsimile: (866) 581-9302

Attorneys for Defendant
BBVA Compass Insurance Agency, Inc.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK D. HARRISON AND NAOMA HARRISON,<br><br>Plaintiffs,<br><br>v.<br><br>BANKERS STANDARD INSURANCE COMPANY, ACE PROPERTY AND CASUALTY INSURANCE COMPANY, AMERICAN FAMILY MUTUAL INSURANCE COMPANY AND BBVA COMPASS INSURANCE AGENCY, INC. AND DOES 1 THROUGH 50<br><br>Defendants. | Case No.: 13 CV 1682 DMS JMA<br><br>**DEFENDANT BBVA COMPASS INSURANCE AGENCY'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT** |

BBVA Compass Insurance Agency, Inc. ("Compass"), by its counsel, answers and responds to Plaintiffs Jack D. Harrison's and Naoma Harrison's

1

---

COMPASS'S ANSWER AND                                    Case No. 13 CV 1682 DMS JMA
AFFIRMATIVE DEFENSES TO COMPLAINT

(collectively, "Plaintiffs") Complaint as follows:

1.     Compass admits only that Plaintiffs are individuals, but Compass otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 1.

2.     Compass lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2.

3.     Compass lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 3.

4.     Compass lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4.

5.     Compass is unable to discern what is meant by "private company" and "home office," but attempting to respond, Compass states that its shares are not publicly traded and that its license address is in Austin, Texas.  Compass otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 5.

6.     The allegations contained in Paragraph 6 constitute legal conclusions rather than allegations of fact, and therefore no response is required.  Compass does not contest subject matter jurisdiction in this matter.

7.     Compass lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7.  Compass does

COMPASS'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT
          Case No.  13 CV 1682 DMS JMA

not contest subject matter jurisdiction here.

8. Compass lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8. Compass denies that it engaged in any violation of law or other wrongdoing, denies any and all alleged liability to Plaintiffs, and denies that Plaintiffs are entitled to any relief.

9. To the extent the allegations contained in Paragraph 9 constitute legal conclusions regarding venue rather than allegations of fact, no response is required. Compass does not contest venue in this matter. To the extent a response may be required, Compass denies that it engaged in any violation of law or other wrongdoing, denies any and all alleged liability to Plaintiffs, denies that Plaintiffs are entitled to any relief, and otherwise denies the allegations contained in Paragraph 9.

**Answers to General Allegations**

10. Compass lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10.

11. Compass lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11.

12. Compass admits only that a home insurance policy bearing number 268-03-86-69H ("Home Insurance Policy") and a Valuables policy bearing number 268-03-86-69V ("Valuables Policy") (collectively, "Ace Policies") were issued to

3

COMPASS'S ANSWER AND                                         Case No.  13 CV 1682 DMS JMA
AFFIRMATIVE DEFENSES TO COMPLAINT

Plaintiffs for the period July 20, 2011 to July 20, 2012, in connection with real estate located in Rancho Sante Fe, California.  Compass otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 12.

13. Compass lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 13.

14. Compass lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 14.

15. Compass lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 15, and based on such lack of knowledge and information, denies such allegations.

16. The wording used in Paragraph 16 is so vague and overly broad that Compass is unable to ascertain sufficient information to be able to accurately respond to the allegations raised.  Compass is unable to discern what is meant by "Defendants' agents," "full coverage," or "additional insurance from the truck rental company" as these phrases are used in Paragraph 16.  Compass denies that it engaged in any violation of law or other wrongdoing, denies any and all alleged liability to Plaintiffs, denies that Plaintiffs are entitled to any relief, and otherwise denies the allegations contained in Paragraph 16.

17. Compass lacks knowledge or information sufficient to form a belief as

4

COMPASS'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT                    Case No.  13 CV 1682 DMS JMA

to the truth or falsity of the allegations contained in Paragraph 17.

18.     Compass is unable to discern what is meant by "made claims on the Defendants," but attempting to respond, Compass denies the allegations as to it, and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 18.

19.     Compass is unable to discern what is meant by "Defendants" and "investigation," but attempting to respond, Compass denies the allegations as to it, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 19.

20.     Upon information and belief, Compass admits that payments were sent to the Plaintiffs by Bankers and/or Ace in or around June 2012, but lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 20.

21.     Compass lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 21.

22.     Compass lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 22. Compass denies that it engaged in any violation of law or other wrongdoing, denies any and all alleged liability to Plaintiffs, denies that Plaintiffs are entitled to any relief, and otherwise denies the remaining allegations contained in Paragraph 22.

**Answers to Specific Allegations as to Ace/Bankers/BBVA ("Ace")**

23.     Compass lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 23.

24.     Compass lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 24.

25.     Upon information and belief, Compass admits only that payment was made to the Plaintiffs in or around June 2012, but lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 25.

26.     Compass lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 26.

27.     Compass admits only that a home insurance policy bearing number 268-03-86-69H ("Home Insurance Policy") and a Valuables policy bearing number 268-03-86-69V ("Valuables Policy") (collectively, "Ace Policies") were obtained by Plaintiffs through Compass with the specific coverages and amount of premiums charged specified in the declaration pages for the Ace Policies, and that that Paula Brevig was an employee of Compass in July 2011.  The wording of the remaining allegations contained in Paragraph 27 is so vague and overly broad that Compass cannot accurately simply admit or deny those allegations.  Compass

6

COMPASS'S ANSWER AND                              Case No.  13 CV 1682 DMS JMA
AFFIRMATIVE DEFENSES TO COMPLAINT

cannot discern what Plaintiffs mean by the use of the terms "full coverage" and "agent." The exact terms of the Ace Policies, including all exclusions applicable to a variety of circumstances are contained in the language of the Ace Policies. Compass denies that the Ace Policies provided insurance coverage for all situations for the maximum coverage amount without any limitations or exclusions being applicable. The coverages provided by the Ace Policies are contained in the language of those policies and copies of these policies, including all exclusions and limitations, were provided to Plaintiffs. Compass lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 27.

28. Compass lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 28.

29. Compass lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 29.

30. The allegations contained in Paragraph 30 constitute legal conclusions rather than allegations of fact, and therefore no response is required. To the extent that a response may be required, Compass lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 30.

31. Plaintiffs were provided full and complete copies of the insurance

policies in issue, which contained all limitations and exclusions in writing, as well as a complete description of all coverage afforded.  Compass denies that it engaged in any violation of law or other wrongdoing, denies any and all alleged liability to Plaintiffs, denies that Plaintiffs are entitled to any relief, and otherwise denies the allegations contained in Paragraph 31.

32. Compass lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 32.

33. Compass lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 33.

34. Compass lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 34.

35. Compass lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 35.

36. Compass lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 36.

37. Compass is unable to discern what is meant by "the Harrisons notified them through counsel," but attempting to respond, Compass admits it received correspondence from the Plaintiffs' counsel dated June 6, 2013 and titled "Notice of Intent to Sue."  Compass denies that it engaged in any violation of law or other wrongdoing, denies any and all alleged liability to Plaintiffs, denies that Plaintiffs

are entitled to any relief, and otherwise denies the remaining allegations contained in Paragraph 37.

38.  Compass lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 38.

**Answers to Specific Allegations as to American**

39.  Compass lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 39.

40.  To the extent that the allegations contained in Paragraph 40 constitute legal conclusions rather than allegations of fact, no response is required.  To the extent a response may be required, Compass lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

41.  Compass is unable to discern what is meant by "actions of Ace," but attempting to respond, Compass lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 41.

42.  Compass lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 42.

43.  Compass lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 43.

44.  Compass lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 44.

COMPASS'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT                    Case No.  13 CV 1682 DMS JMA

45. Compass lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 45.

46. Compass lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 46.

47. Compass lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 47.

48. Compass lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 48.

**ANSWER TO FIRST CAUSE OF ACTION**
**(Declaratory Judgment Against Ace and American)**

49. Compass restates and incorporates by reference its answers and responses to Paragraphs 1-48 as its answer and response to Paragraph 49.

50-52. The remaining allegations contained in Paragraphs 50-52 of this Cause of Action are not asserted against Compass, and therefore no response is required by Compass. To the extent a response may be required, Compass denies that it engaged in any violation of law or other wrongdoing, denies any and all alleged liability to Plaintiffs, denies that Plaintiffs are entitled to any relief, and otherwise denies the remaining allegations contained in these Paragraphs.

**ANSWER TO SECOND CAUSE OF ACTION**
**(Breach of Contract Against Ace and American)**

53. Compass restates and incorporates by reference its answers and

10

COMPASS'S ANSWER AND                        Case No.  13 CV 1682 DMS JMA
AFFIRMATIVE DEFENSES TO COMPLAINT

responses to Paragraphs 1-52 as its answer and response to Paragraph 53.

54-58.  The remaining allegations contained Paragraphs 54-58 in this Cause of Action are not asserted against Compass, and therefore no response is required by Compass.  To the extent a response may be required, Compass denies that it engaged in any violation of law or other wrongdoing, denies any and all alleged liability to Plaintiffs, denies that Plaintiffs are entitled to any relief, and otherwise denies the remaining allegations contained in these Paragraphs.

### ANSWER TO THIRD CAUSE OF ACTION
(For Violations of California Unfair Insurance Practices Act
B&P Code §17200 Against Ace and American)

59.  Compass restates and incorporates by reference its answers and responses to Paragraphs 1-58 as its answer and response to Paragraph 59.

60-65.  The remaining allegations contained Paragraphs 60-65 in this Cause of Action are not asserted against Compass, and therefore no response is required by Compass.  To the extent a response may be required, Compass denies that it engaged in any violation of law or other wrongdoing, denies any and all alleged liability to Plaintiffs, denies that Plaintiffs are entitled to any relief, and otherwise denies the remaining allegations contained in these Paragraphs.

### ANSWER TO FOURTH CAUSE OF ACTION
(Breach of the Implied Covenant of Good Faith and Fair Dealing Against
All Defendants – First Party Claim)

66.  Compass restates and incorporates by reference its answers and

responses to Paragraphs 1-65 as its answer and response to Paragraph 66.

67. The allegations contained in Paragraph 67 constitute legal conclusions rather than allegations of fact, and therefore no response is required. To the extent a response may be required, Compass denies the allegations contained in Paragraph 67 as they relate to this case.

68. Compass denies the allegations contained in Paragraph 68.

69. Compass denies the allegations contained in Paragraph 69.

### ANSWER TO FIFTH CAUSE OF ACTION
### (Fraud Against Ace and BBVA)

70. Compass restates and incorporates by reference its answers and responses to Paragraphs 1-69 as its answer and response to Paragraph 70.

71. Compass denies the allegations contained in Paragraph 71.

72. Compass denies the allegations contained in Paragraph 72.

73. Compass denies the allegations contained in Paragraph 73.

74. Compass denies the allegations contained in Paragraph 74.

75. Compass denies the allegations contained in Paragraph 75 as to it. Compass otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 75.

76. Compass denies the allegations contained in Paragraph 76.

### ANSWER TO SIXTH CAUSE OF ACTION
### (Negligent Misrepresentation Against Ace and BVVD [*sic*])

12

77. Compass restates and incorporates by reference its answers and responses to Paragraphs 1-76 as its answer and response to Paragraph 77.

78. Compass denies the allegations contained in Paragraph 78.

79. Compass denies the allegations contained in Paragraph 79.

80. Compass denies the allegations contained in Paragraph 80.

81. Compass denies the allegations contained in Paragraph 81.

82. Compass denies the allegations contained in Paragraph 82.

83. Compass denies the allegations contained in Paragraph 83.

84. Compass denies the allegations contained in Paragraph 84.

**AFFIRMATIVE DEFENSES**

In addition to the denials and admissions stated above, Compass states the following for its Affirmative Defenses:

**First Affirmative Defense**

1. The Complaint, and each purported claim contained therein, fails to state a claim upon which relief may be granted, and Compass reserves and does not waive any arguments relating to the legal sufficiency of Plaintiffs' allegations.

**Second Affirmative Defense**

2. That Plaintiffs, by their own conduct, have waived one or more of their claims alleged in the Complaint.

**Third Affirmative Defense**

3. That Plaintiffs are estopped and barred from obtaining the relief requested in the Complaint as against Compass. The Complaint herein, and each and every cause of action contained therein, are barred by reason of acts, omissions, representations and courses of conduct by Plaintiffs by which Compass was led to rely to their detriment, thereby barring relief under the doctrine of equitable estoppel under any cause of action asserted by Plaintiff.

**Fourth Affirmative Defense**

4. Compass is excused from any and all liability under the alleged to Plaintiffs' claims for relief because at all material times Compass acted in good faith and conducted all material transactions in good faith based on the information provided to it by Plaintiffs.

**Fifth Affirmative Defense**

5. As to the claims and circumstances alleged in the Complaint, Compass reasonably relied on the information provided to it by Plaintiffs, and owed no legal duty to Plaintiffs to provide information and advice as to alternative or additional insurance coverage available.

**Sixth Affirmative Defense**

6. That Plaintiffs have unreasonably delayed in bringing the claims set forth in the Complaint, despite admitting having knowledge of such facts, Plaintiffs permitted Compass to believe such acts were permissible, Plaintiffs profited from

such acts, and Compass has been prejudiced by this delay on the part of Plaintiffs so as to bar the claims for relief by Plaintiff.

### Seventh Affirmative Defense

7.     To the extent that Plaintiffs seek equitable relief, their own inequitable conduct constitutes unclean hands, and therefore bars the granting of the relief sought herein.

### Eighth Affirmative Defense

8.     To the extent Plaintiffs suffered any alleged damages, the existence of which are expressly denied, the alleged damages are barred and/or limited in whole or in part by Plaintiffs' own failure to mitigate the alleged damages.

### Ninth Affirmative Defense

9.     To the extent Plaintiffs suffered any alleged damages, the existence of which are expressly denied, such alleged damages were caused in whole or in part by Plaintiffs' own acts or omissions, and/or the alleged damages were caused in whole or in part by individuals and/or entities over whom Compass had no control, right of control or responsibility.

### Tenth Affirmative Defense

10.    Plaintiffs' claims are barred by the applicable limitation of action set forth in their insurance contracts.

COMPASS'S ANSWER AND                    Case No.  13 CV 1682 DMS JMA
AFFIRMATIVE DEFENSES TO COMPLAINT

The above affirmative defenses are based on the facts currently known to Compass, and Compass reserves the right to amend or add affirmative defenses based on facts that may later be discovered, pled, or offered.

WHEREFORE, Compass requests as follows:

1. That Plaintiffs take nothing by its Complaint against Compass, and that the same be dismissed with prejudice and without leave to re-file;

2. That judgment be entered in favor of Compass and against Plaintiffs;

3. That Compass be awarded its costs of suit incurred herein; and

4. The Court award to Compass such further and additional relief as the Court deems just and proper.

Respectfully submitted,

**MCGINNIS WUTSCHER BEIRAMEE LLP,**

Dated:  October 10, 2013      By:   /s/ Deborah S. Gershon
Deborah S. Gershon (SBN 93816)
Sherilyn L. O'Dell, *Of Counsel* (SBN 145315)
Nancy C. Eng, *Of Counsel* (SBN 194756)
19200 Von Karman Avenue, Suite 750
Irvine, California 92612
Telephone: (714) 384-4250
Facsimile: (866) 581-9302
*Attorneys for BBVA Compass Insurance Agency, Inc.*

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the County of Orange, California; my business address is 19200 Von Karman, Suite 750, Irvine, California 92612.

On the date below I served a copy, with all exhibits, of the following document(s):

**DEFENDANT BBVACOMPASS INSURANCE AGENCY'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

on all interested parties in said case addressed as follows:

**Attorney for Plaintiffs**
James B. Panther, Esq.
International Law Group, A.P.C.
Email: jpanther@pantherlaw.com

**Attorneys for Ace Property and Casualty Insurance Company**
Amanda M. Lorenz
Cozen O'Connor
Email: alorenz@cozen.com

**[X] (BY ELECTRONIC SERVICE)** Pursuant to CM/ECF System, registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities. The Court's CM/ECF system sends an e-mail notification of the filing to the parties and counsel of record listed above who are registered with the Court's EC/ECF system.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am a member of the Bar of this Court at whose direction the service was made. This declaration is executed on **October 10, 2013**.

/s/ Deborah S. Gershon

COMPASS'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT                Case No.  13 CV 1682 DMS JMA