Joann Selleck, Esq. (SBN 145557)
COZEN O'CONNOR
501 West Broadway
Suite 1610
San Diego, CA  92101
Telephone: 619.234.1700
Facsimile: 619.234.7831

Attorneys for Defendant
ACE PROPERTY AND CASUALTY
INSURANCE COMPANY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK D. HARRISON and NAOMA HARRISON,<br><br>　　　　　　　　Plaintiffs,<br><br>vs.<br><br>BANKERS STANDARD INSURANCE COMPANY, ACE PROPERTY AND CASUALTY INSURANCE COMPANY, AMERICAN FAMILY MUTUAL INSURANCE COMPANY and BBVA COMPASS INSURANCE AGENCY, INC.; and DOES 1 through 50,<br><br>　　　　　　　　Defendants. | Case No. 13CV1682 DMS JMA<br><br>**DEFENDANTS BANKERS STANDARD INSURANCE CO.'S AND ACE PROPERTY AND CASUALTY INSURANCE CO.'S REPLY TO OPPOSITION TO MOTION TO DISMISS**<br><br>**DATE:　　　　November 8, 2013**<br>**TIME:　　　　1:30 p.m.**<br>**COURTROOM: 13A**<br><br>*Judge Dana M. Sabraw* |

　　　Defendants Ace Property and Casualty Insurance Company ("AP&C") and Bankers Standard Insurance Company ("Bankers Standard") (collectively "Defendants") hereby submit the following Reply to Plaintiffs Jack D. Harrison and Naoma Harrison ("Plaintiffs") Opposition to Defendants' F.R.C.P. 12(b)(6) Motion to Dismiss.  This Reply is filed concurrently with Defendants' Objections to the Declarations of Richard Masters, James B. Panther, and Jack D. Harrison.

/ / /

To summarize, Plaintiffs' opposition is based on their citation to a provision of their homeowner's policy which they have <u>incorrectly</u> <u>quoted</u> and on an erroneous interpretation of California law with respect to interpretation of insurance policies.

## I.     Interpretation Of Insurance Policies Under California Law

Plaintiffs' opposition ignores California's well-developed rules governing interpretation of insurance policies. The reason is clear. If California law is applied to the Bankers Standard's policies at issue, Plaintiffs' erroneous policy interpretation fails.

Under California law, the interpretation of an insurance policy is a question of law for the Court. *MacKinnon v. Truck Ins. Exch.* (2003) 31 Cal. 4th 635, 647, 3 Cal. Rptr. 3d 228; *Waller v. Truck Ins. Exch., Inc.* (1995) 11 Cal. 4th 1, 18, 44 Cal. Rptr. 2d 370. "While insurance contracts have special features, they are still contracts to which the ordinary rules of contractual interpretation apply. Thus, the mutual intention of the parties at the time the contract is formed governs interpretation." *Palmer v. Truck Ins. Exch.* (1999) 21 Cal. 4th 1109, 1115, 90 Cal. Rptr. 2d 647 (quoting *Bank of the West v. Superior Court* (1992) 2 Cal. 4th 1254, 1264, 10 Cal. Rptr. 2d 538). That mutual intent is determined from the language of the contract.

Further, Plaintiffs' subjective intent and understanding of Defendants' policies is irrelevant and is inadmissible to prove an intent different from either the express terms of the policies or the parties' mutual understanding[1]. *Sunniland Fruit, Inc. v. Verni* (1991) 233 Cal. App. 3d 892, 898, 284 Cal. Rptr. 824 ("However, irrespective of any credibility determination, [Defendant's] subjective intent or understanding cannot be used to establish an intent independent from the express written terms of the agreement."); *St. Paul Mercury Ins. Co. v. Frontier Pac. Ins. Co.* (2003) 111 Cal. App. 4th 1234, 1247, 4 Cal. Rptr. 3d 416.

---

[1] Even if the court were to allow the evidence in the Declaration from Jack D. Harrison, the evidence provided in support of his subjective understanding of the policies are simply citations to the policy terms which Harrison misconstrues. *See, e.g.,* Exhibits 1 & 2 to the Harrison Declaration.

A contract must be construed as a whole, "so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other." Cal. Civ. Code § 1641. "If contractual language is clear and explicit, it governs." *Boghos v. Certain Underwriters at Lloyd's of London* (2005) 36 Cal. 4th 495, 501, 30 Cal. Rptr. 3d 787 (quoting *Bank of the West, supra,* 2 Cal. 4th at 1264); Cal. Civ. Code § 1638. The "clear and explicit" meaning of contract provisions, "interpreted in their 'ordinary and popular sense,' unless 'used by the parties in a technical sense or a special meaning is given to them by usage,' controls judicial interpretation." *AIU Ins. Co. v. Superior Court* (1990) 51 Cal. 3d 807, 799 P.2d 1253. If the meaning a layperson would ascribe to contract language is not ambiguous, that meaning applies. *Id.* Technical or legalistic interpretations employed by an attorney or insurance expert will not undermine the plain meaning of the words used. *Crane v. State Farm Fire & Cas. Co.* (1971) 5 Cal.3d 112, 115 ("The policy should be read as a layman would read it and not as it might be analyzed by an attorney or an insurance expert."). Here, the language of the Bankers Standard homeowner's policy provisions are not ambiguous. However, Plaintiffs misconstrue and contort the plain meaning of several key provisions in the Bankers Standard Homeowners Policy.

**II.   Plaintiffs' Interpretation Of The Bankers Standard Homeowners Policy Is Contrary To California Law**

Plaintiffs make the following two primary arguments in their Opposition, both with respect to Bankers Standard's Homeowner's Policy 268-03-86-69H: (1) the special limit of personal property insurance set forth in Section 3.b.(12) of the "Property Coverages" does not apply due to the exception contained in this provision; and (2) Section 6 of the "Property Conditions" regarding other insurance is not properly applied.

/ / /

/ / /

A.  The Exception To The Special Limit For Personal Property At Other Residences Does Not Apply

The Bankers Standard's Homeowner's Policy provides as follows in regard to the special limit for personal property at other residences:

**3.    Personal Property**

a.  We cover personal property owned or used by an *insured person* while it is anywhere in the world…

b.  **Special Limits of Insurance**

The special limit for each category shown below is the total limit for each loss for all property in that category. These special limits do not increase the Personal Property limit...

(12)  Personal Property At Other Residences
      $10,000 or;
      (a)  10% of the highest Personal Property limit for a dwelling; or

      (b)  15% of the highest Personal property limit for a condominium, cooperative unit or apartment;

whichever is greater, for direct physical loss to covered personal property usually located at an insured person's residence that is not the *residence premises*. The loss must be a loss covered by this policy.

[**Exception at Issue**]:  This special limit does not apply to personal property moved or being moved from the *residence premises* to a residence you newly acquire during the *policy period* within the first 60 days after moving the property there.

*See* pgs. A10-A12 of Exhibit "A" attached to the Notice of Lodgment ("NOL") filed with Defendants' moving papers. Plaintiffs' incorrectly quote the key language of their

homeowner's insurance policy (Plaintiffs' Opposition @ p. 3, line 3-8). The policy sets forth the following definition of "residence premises":

> 16. **Residence premises** means:
> a. A one or two family dwelling, condominium, cooperative unit or apartment that you own or reside in; or
> b. That part of any other building where you reside;
> **and which is shown as a location in the Declarations**.
> *Residence premises* also includes other structures and grounds at **that location**.

(Emphasis added.) Defendants' NOL at A10.

Importantly, the phrase "**and which is shown as a location in the Declarations**" under the definition of "**residence premises**" modifies both subsections "a." and "b." within the definition above. Plaintiffs' incorrect quotation of the provision causes an incorrect interpretation.[2] Therefore, the definition of "residence premises" expressly incorporates the location shown in the declarations, which is Plaintiffs' Rancho Santa Fe address: 18519 Calle La Serra Rancho Santa Fe, CA 92091-0155. *See* NOL at A01. Contrary to Plaintiffs' contention in their Opposition, the "residence premises" can <u>only</u> be the Rancho Santa Fe location based upon the clear meaning of the policy terms above.

Further, the plain meaning of "**[t]he** residence premises" refers to <u>a single</u> residence by the usage of the word "the" in the exception. Likewise, the phrase in the definition of "residence premises" that "<u>residence premises include other structures and grounds at **that location**</u>" also shows that "residence premises", by the use of the word "that" prior to "location", refers to a <u>single</u> location listed in the declarations. Plaintiffs entirely overlook the fact that the Plaintiffs' Rancho Santa Fe property, and <u>not</u> their Colorado property, was the "residence premises", which is key to determining the applicable coverage in this case. Since the personal property at issue

---

[2] Plaintiffs' incorrectly quote this phrase as only applying to subpart b. when it applies to both 16.a. and 16.b.

had (1) always been located at Plaintiffs' ("other") Colorado residence that was not the covered residence premises under the Bankers Standard policies, and (2) had never been located at the covered residence premise, the relevant policy provisions are plain and unambiguous in limiting the coverage for the stolen property under the homeowner's policy to $10,000 or 10% of the highest personal property limit, whichever is greater.

Plaintiffs' argument misconstrues the exception to the special limit to infer that "the residence premises" can mean their Colorado residence, which is not a covered location and is not named in the policy. *See* pgs. A01-A06 of Exhibit "A" to NOL. Notably, the Colorado property was insured by a homeowner's policy issued by a different insurer, Defendant American Family Mutual Insurance Company. For approximately 10 years, the personal property of the insureds that was stolen had been located at their residence in Colorado. It was certainly never located at the Rancho Santa Fe residence covered under the Bankers Standard Homeowner's Policy. Simply, the lost property was not being moved from Plaintiffs' Rancho Santa Fe residence to another "newly acquired residence", which could potentially implicate the exception to the special limit. Rather, the lost property was being moved from Plaintiffs' Colorado residence (not "the residence premises") to Plaintiffs' Rancho Santa Fe property, "the residence premises" and covered location in the declarations. Therefore, the exception does not apply, and the special limit in Section 3.b.(12) controls.[3]

///

///

---

[3] Exhibit C to the Harrison Declaration clearly indicates Bankers Standard coverage position was that the Special Limit of ¶(12) does apply. Plaintiffs' suggestion that the quoted policy language in Exhibit C to the Harrison Declaration, as bracketed, (P.C03) indicates a statement by Bankers Standard that the exception to the Special Limit applies is without support and is simply wrong.

REPLY TO OPPOSITION TO MOTION TO DISMISS

B. <u>Other Insurance</u>

In regard to the other insurance provision, since the special limit of insurance applies in Section 3.b.(12) based upon its clear meaning and application, the calculations set forth in Defendants' moving papers are correct based upon the plain meaning of the governing policy terms. In sum, under the terms of the Bankers Standard policies at issue, there is no additional recovery that can be obtained other than what has previously been paid by Bankers Standard. All of Plaintiffs' causes of action against Bankers Standard must therefore be dismissed.

**III.   The Policies At Issue Were Issued By Bankers Standard, Not By Some Other Company, Nor By AP&C**

Plaintiffs admit in paragraph 51 of the complaint that the Bankers Standard policies control (attached to the NOL as Exhibits "A" and "B"). Simply, the Bankers Standard policies at issue were issued by no company other than Bankers Standard. They were not issued by AP&C or some other company. Plaintiffs do not contest this in their Opposition. Thus, all causes of action alleged against Ace Property and Casualty Insurance Company must be dismissed as Plaintiffs fail to state a claim against AP&C.

Respectfully submitted,

Dated: November 1, 2013          COZEN O'CONNOR

By: /S/ Joann Selleck
    JOANN SELLECK
    Attorneys for Defendant
    ACE CASUALTY AND INSURANCE COMPANY

17552580.1