Joann Selleck, Esq. (SBN 145557)
COZEN O'CONNOR
501 West Broadway
Suite 1610
San Diego, CA  92101
Telephone: 619.234.1700
Facsimile: 619.234.7831

Attorneys for Defendants
BANKERS STANDARD INSURANCE
COMPANY and ACE PROPERTY AND
CASUALTY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK D. HARRISON and NAOMA HARRISON,<br><br>          Plaintiffs,<br><br>vs.<br><br>BANKERS STANDARD INSURANCE COMPANY, ACE PROPERTY AND CASUALTY INSURANCE COMPANY, AMERICAN FAMILY MUTUAL INSURANCE COMPANY and BBVA COMPASS INSURANCE AGENCY, INC.; and DOES 1 through 50,<br><br>          Defendants. | Case No. 13CV1682 DMS JMA<br><br>**OBJECTIONS TO DECLARATIONS OF RICHARD MASTERS, JACK D. HARRISON, AND JAMES B. PANTHER IN SUPPORT OF DEFENDANTS BANKERS STANDARD INSURANCE CO.'S AND ACE PROPERTY AND CASUALTY INSURANCE CO.'S REPLY TO OPPOSITION TO MOTION TO DISMISS**<br><br>DATE:        November 8, 2013<br>TIME:        1:30 p.m.<br>COURTROOM: 13A<br><br>*Judge Dana M. Sabraw* |

    Defendants Ace Property and Casualty Insurance Company ("AP&C") and Bankers Standard Insurance Company ("Bankers Standard") (collectively "Defendants") hereby object to the Declarations of Richard Masters, Jack D. Harrison, and James B. Panther filed in support of Plaintiffs' Opposition to Defendants' F.R.C.P. 12(b)(6) Motion to Dismiss pursuant to the Federal Rules of Evidence and other applicable law as set forth below:

1. Defendants object to the Declaration of Richard Masters ("Masters Declaration") in its entirety pursuant to F.R.E. 402 and 702 because:

(1) it is irrelevant. Mr. Masters' opinions concerning the interpretation of the policy provisions of Plaintiffs' insurance policy is irrelevant as the Bankers Standard policy speaks for itself. "If contractual language is clear and explicit, it governs." *Boghos v. Certain Underwriters at Lloyd's of London*, 36 Cal. 4th 495, 501, 30 Cal. Rptr. 3d 787(2005) (quoting *Bank of the West, supra,* 2 Cal. 4th at 1264); Cal. Civ. Code § 1638; and (2) to the extent that the Masters Declaration does purport to opine on the issues before the Court, it does so in the form of bare conclusions of law which invade the province of this Court.  Under California law, the interpretation of an insurance policy is a question of law for the court. *MacKinnon v. Truck Ins. Exch.*, 31 Cal.4th 635, 647, 3 Cal.Rptr. 3d 228 (2003); *Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1, 18, 44 Cal. Rptr. 2d 370 (1995).  An expert witness cannot give an opinion on an issue of law or provide legal conclusions. *See, e.g., Nationwide Transport Finance v. Cass Information Systems, Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008).

2. Defendants object to the Declaration of James B. Panther ("Panther Declaration") in its entirety pursuant to F.R.E. 402 and 702 on the same bases as outlined above in regard to Masters Declaration.

3. Defendants object to the specific portions of the Declaration of Jack D. Harrison ("Harrison Declaration") as outlined below.

In addition, specific portions of the Masters Declaration, Harrison Declaration, and Panther Declaration are objectionable pursuant to the Federal Rules of Evidence and other applicable law as set forth below.  For the convenience of the Court, where possible, certain paragraphs have been grouped together.

# SPECIFIC OBJECTIONS

## I. Masters Declaration

| Objectionable Text | Legal Objection(s) |
|---|---|
| **Paragraphs 1-9:** Qualifications and background. | **F.R.E. 402**: Qualifications and background information not of consequence to the determination of Defendants' Motion to Dismiss because the conclusory "expert" testimony that follows is irrelevant, inadmissible and improper. |
| **Paragraph 10:** "I have reviewed and analyzed the insurance policies of Bankers Standard Insurance Company and ACE ("Bankers") with the Plaintiff's counsel and from an underwriting perspective; I offer these preliminary opinions in this declaration." | **F.R.E. 402:** It is unknown what specific insurance policies were reviewed by Mr. Masters.  Further, the Defendants Bankers Standard insurance policy at issue speaks for itself.  Mr. Masters' "expert" interpretation of Defendants' policies is irrelevant.  "If contractual language is clear and explicit, it governs." *Boghos v. Certain Underwriters at Lloyd's of London*, 36 Cal. 4th 495, 501, 30 Cal. Rptr. 3d 787(2005) (quoting *Bank of the West, supra*, 2 Cal. 4th at 1264); Cal. Civ. Code § 1638.  The "clear and explicit" meaning of contract provisions, "interpreted in their 'ordinary and popular sense,' unless 'used by the parties in a technical sense or a special meaning is given to them by usage,' controls judicial interpretation." *AIU Ins. Co. v. Superior Court*, 51 Cal. 3d 807, 799 P.2d 1253 (1990). <br><br> **F.R.E. 702:** There is insufficient evidence that Mr. Masters bases his conclusions with respect to the |

| | | |
|---|---|---|
| 1-15 | | Defendants' insurance policies on "sufficient facts or data." There is also no evidence that Mr. Masters' conclusions are "the product of reliable principles or methods." Finally, to the extent that the testimony purports to summarize or explain the evidence or determine a fact in issue, the Court does not need Mr. Masters' "expert" assistance in order to understand the insurance policies at issue. (See authority cited above in connection with F.R.E. 402). To be admissible, expert testimony must assist the trier of fact to understand the evidence or to determine a fact in issue.<br><br>**F.R.E. 602:** To the extent that Mr. Masters offers lay opinions as opposed to "expert" opinions, there is no foundation that the witness has personal knowledge of the matter. |
| 16-27 | **Paragraphs 11-13 (in their entirety):** Quotation of policy provisions and Mr. Masters' interpretation thereof as applied to this case. | **F.R.E. 402:** The Defendant Bankers Standard's insurance policy at issue speaks for itself. Mr. Masters' "expert" interpretation of Defendants' policies is irrelevant. "If contractual language is clear and explicit, it governs." *Boghos v. Certain Underwriters at Lloyd's of London*, 36 Cal. 4th 495, 501, 30 Cal. Rptr. 3d 787(2005) (quoting *Bank of the West, supra*, 2 Cal. 4th at 1264); Cal. Civ. Code § 1638. The "clear and explicit" meaning of contract provisions, "interpreted in their 'ordinary and popular sense,' unless 'used by the parties in a technical sense or a special meaning is given to them by usage,' controls judicial interpretation." *AIU Ins. Co. v. Superior* |

OBJECTIONS TO DECLARATIONS OF JACK D. HARRISON, JAMES B. PANTHER, AND RICHARD MASTERS
4

| | |
|---|---|
| | *Court*, 51 Cal. 3d 807, 799 P.2d 1253 (1990).<br><br>**F.R.E. 702:** There is no foundation that Mr. Masters possesses a higher degree of knowledge, skill, experience, training, or education than this Court to determine the application of the referenced policy provisions to this case.<br><br>The testimony invades the province of this Court. Under California law, the interpretation of an insurance policy is a question of law for the court to decide. *MacKinnon v. Truck Ins. Exch.*, 31 Cal.4th 635, 647, 3 Cal.Rptr. 3d 228 (2003); *Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1, 18, 44 Cal. Rptr. 2d 370 (1995). An expert witness cannot give an opinion on an issue of law or provide legal conclusions. *See, e.g., Nationwide Transport Finance v. Cass Information Systems, Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008).<br><br>**F.R.E. 602:** To the extent that Mr. Masters offers lay opinions as opposed to "expert" opinions, there is no foundation that the witness has personal knowledge of the matter. |
| **Paragraph 14, Lines 5-11:** "From an underwriting standpoint, Bankers cannot use this limitation because there is a specific exception to this provision that clearly states that the Special Limits provision does not apply to personal property moved or being moved from the residence premises to a residence you | **F.R.E. 402:** The Defendant Bankers Standard's insurance policy at issue speaks for itself. Mr. Masters' "expert" interpretation of Defendants' policies is irrelevant. "If contractual language is clear and explicit, it governs." *Boghos v. Certain Underwriters at Lloyd's of London*, 36 Cal. 4th 495, 501, 30 Cal. |

OBJECTIONS TO DECLARATIONS OF JACK D. HARRISON, JAMES B. PANTHER, AND RICHARD MASTERS

5

| | |
|---|---|
| newly acquire.  Both the Colorado dwelling and the California dwelling are owned by the Harrisons at the time of the loss.  Both properties meet the definition of 'residence premises'.  The Colorado property is a dwelling that the Harrisons own or reside in.  The California property is a dwelling that the Harrisons own or reside in." | Rptr. 3d 787(2005) (quoting *Bank of the West, supra,* 2 Cal. 4th at 1264); Cal. Civ. Code § 1638.  The "clear and explicit" meaning of contract provisions, "interpreted in their 'ordinary and popular sense,' unless 'used by the parties in a technical sense or a special meaning is given to them by usage,' controls judicial interpretation." *AIU Ins. Co. v. Superior Court*, 51 Cal. 3d 807, 799 P.2d 1253 (1990). |
| | **F.R.E. 702:**  There is no foundation that Mr. Masters possesses a higher degree of knowledge, skill, experience, training, or education than this Court to determine the application of the referenced policy provision to this case.  There is also no evidence that Mr. Masters' possesses the information to determine whether the "Colorado dwelling" and the California dwelling" were owned by the Plaintiffs at the time of loss, or whether both properties meet the definition of "residence premises." |
| | The testimony invades the province of this Court.  Under California law, the interpretation of an insurance policy is a question of law.  *MacKinnon v. Truck Ins. Exch.*, 31 Cal.4th 635, 647, 3 Cal.Rptr. 3d 228 (2003); *Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1, 18, 44 Cal. Rptr. 2d 370 (1995).  An expert witness cannot give an opinion on an issue of law or provide legal conclusions. *See, e.g., Nationwide Transport Finance v. Cass Information Systems, Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008). |

OBJECTIONS TO DECLARATIONS OF JACK D. HARRISON, JAMES B. PANTHER, AND RICHARD MASTERS

6

| | |
|---|---|
| | **F.R.E. 602:** To the extent that Mr. Masters offers lay opinions as opposed to "expert" opinions, there is no foundation that the witness has personal knowledge of the matter. |
| **Paragraph 15 (in its entirety):** "The personal property that was stolen was in the process of being moved from a dwelling the Harrisons owned to a newly acquired dwelling they also owned." | **F.R.E. 702:** There is insufficient evidence that Mr. Masters basis this conclusion on "sufficient facts or data." There is also no evidence that Mr. Masters' conclusion is "the product of reliable principles or methods." Finally, to the extent that the testimony purports to summarize or explain the evidence or determine a fact in issue, the Court does not need Mr. Masters' "expert" assistance to determine whether the stolen property was in the process of being moved from a dwelling the Harrisons owned to a newly acquired dwelling they also owned. To be admissible, expert testimony must assist the trier of fact to understand the evidence or to determine a fact in issue.<br><br>**F.R.E. 602:** To the extent that Mr. Masters offers lay opinions as opposed to "expert" opinions, there is no foundation that the witness has personal knowledge of the matter. |
| **Paragraphs 16-18 (in their entirety):** Quotation of policy provisions and Mr. Masters' interpretation thereof as applied to this case. | **F.R.E. 402:** The Defendant Bankers Standard's insurance policy at issue speaks for itself. Mr. Masters' "expert" interpretation of Defendant Bankers Standard's policy is irrelevant. "If contractual language is clear and explicit, it governs." *Boghos v. Certain Underwriters at Lloyd's of London*, 36 |

OBJECTIONS TO DECLARATIONS OF JACK D. HARRISON, JAMES B. PANTHER, AND RICHARD MASTERS

| | |
|---|---|
| | Cal. 4th 495, 501, 30 Cal. Rptr. 3d 787(2005) (quoting *Bank of the West, supra,* 2 Cal. 4th at 1264); Cal. Civ. Code § 1638. The "clear and explicit" meaning of contract provisions, "interpreted in their 'ordinary and popular sense,' unless 'used by the parties in a technical sense or a special meaning is given to them by usage,' controls judicial interpretation." *AIU Ins. Co. v. Superior Court*, 51 Cal. 3d 807, 799 P.2d 1253 (1990).<br><br>**F.R.E. 702:** There is no foundation that Mr. Masters possesses a higher degree of knowledge, skill, experience, training, or education than this Court to determine the application of the referenced policy provisions to this case.<br><br>The testimony invades the province of this Court. Under California law, the interpretation of an insurance policy is a question of law for the court. *MacKinnon v. Truck Ins. Exch.*, 31 Cal.4th 635, 647, 3 Cal.Rptr. 3d 228 (2003); *Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1, 18, 44 Cal. Rptr. 2d 370 (1995). An expert witness cannot give an opinion on an issue of law or provide legal conclusions. *See, e.g., Nationwide Transport Finance v. Cass Information Systems, Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008).<br><br>**F.R.E. 602:** To the extent that Mr. Masters offers lay opinions as opposed to "expert" opinions, there is no foundation that the witness has personal knowledge of the matter. |

OBJECTIONS TO DECLARATIONS OF JACK D. HARRISON, JAMES B. PANTHER, AND RICHARD MASTERS

8

| | |
|---|---|
| **Paragraphs 19-20 (in their entirety):** Mr. Masters' interpretation of Plaintiffs' total claim amounts and coverage owed under the policies. | **F.R.E. 402:** The Defendant Bankers Standard's insurance policy at issue speaks for itself.  Mr. Masters' "expert" interpretation of Defendants' policies is irrelevant.  "If contractual language is clear and explicit, it governs." *Boghos v. Certain Underwriters at Lloyd's of London*, 36 Cal. 4th 495, 501, 30 Cal. Rptr. 3d 787(2005) (quoting *Bank of the West, supra,* 2 Cal. 4th at 1264); Cal. Civ. Code § 1638.  The "clear and explicit" meaning of contract provisions, "interpreted in their 'ordinary and popular sense,' unless 'used by the parties in a technical sense or a special meaning is given to them by usage,' controls judicial interpretation." *AIU Ins. Co. v. Superior Court*, 51 Cal. 3d 807, 799 P.2d 1253 (1990).<br><br>**F.R.E. 702:** There is insufficient evidence that Mr. Masters bases his conclusions and calculations on "sufficient facts or data."  There is also no evidence that Mr. Masters' conclusions are "the product of reliable principles or methods."<br><br>The testimony invades the province of this Court.  Under California law, the interpretation of an insurance policy is a question of law for the court. *MacKinnon v. Truck Ins. Exch.*, 31 Cal.4th 635, 647, 3 Cal.Rptr. 3d 228 (2003); *Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1, 18, 44 Cal. Rptr. 2d 370 (1995).  An expert witness cannot give an opinion on an issue of law or provide legal conclusions. *See, e.g., Nationwide Transport Finance v. Cass* |

OBJECTIONS TO DECLARATIONS OF JACK D. HARRISON, JAMES B. PANTHER, AND RICHARD MASTERS

|   |   |
|---|---|
|   | *Information Systems, Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008).<br><br>**F.R.E. 602:** To the extent that Mr. Masters offers lay opinions as opposed to "expert" opinions, there is no foundation that the witness has personal knowledge of the matter. |

## II. Harrison Declaration

| Objectionable Text | Legal Objection(s) |
|---|---|
| **Paragraph 3 (in its entirety):** "The lender for our home in Rancho Santa Fe, California required us to purchase a homeowner's policy covering fire, theft, etc." | **F.R.E. 402:** The alleged requirement by the lender of Mr. Harrison's home in Rancho Santa Fe to purchase a homeowner's policy covering fire, theft, etc. is irrelevant and has no bearing on the issues presented in the instant Motion to Dismiss. |
| **Paragraph 4 (following section):** "Coverage was also important to us as we were in the process relocating personal belongings from our home in Colorado to our other home in Rancho Santa Fe, California…I was informed that the policies provided coverage 'anywhere in the world' and that I had ample coverage of my properties. (See Exhibit 1)." | **F.R.E. 402:** The importance of coverage to Mr. Harrison is irrelevant and has no bearing on the issues presented in the instant Motion to Dismiss. Further, the Defendants' insurance policies at issue speak for themselves. "If contractual language is clear and explicit, it governs." *Boghos v. Certain Underwriters at Lloyd's of London*, 36 Cal. 4th 495, 501, 30 Cal. Rptr. 3d 787(2005) (quoting *Bank of the West, supra,* 2 Cal. 4th at 1264); Cal. Civ. Code § 1638. The "clear and explicit" meaning of contract provisions, "interpreted in their 'ordinary and popular sense,' unless 'used by the parties in a technical sense or a special meaning is given to them by usage,' controls judicial |

| | |
|---|---|
| | interpretation." *AIU Ins. Co. v. Superior Court*, 51 Cal. 3d 807, 799 P.2d 1253 (1990). |
| **Paragraph 7 (lines 10-11):** "…was to be shared by Bankers, ACE and American Family (See Exhibit 2)." | **F.R.E. 402:** The Defendant Bankers Standard's insurance policy at issue speaks for itself. Plaintiff's subjective understanding is irrelevant. "If contractual language is clear and explicit, it governs." *Boghos v. Certain Underwriters at Lloyd's of London*, 36 Cal. 4th 495, 501, 30 Cal. Rptr. 3d 787(2005) (quoting *Bank of the West, supra,* 2 Cal. 4th at 1264); Cal. Civ. Code § 1638. The "clear and explicit" meaning of contract provisions, "interpreted in their 'ordinary and popular sense,' unless 'used by the parties in a technical sense or a special meaning is given to them by usage,' controls judicial interpretation." *AIU Ins. Co. v. Superior Court*, 51 Cal. 3d 807, 799 P.2d 1253 (1990). |
| **Paragraph 8 (in its entirety):** "I understood that my claims met the criteria for full coverage under my insurance policies." | **F.R.E. 402:** The Defendant Bankers Standard's insurance policy at issue speaks for itself. Mr. Harrison's subjective understanding is irrelevant. "If contractual language is clear and explicit, it governs." *Boghos v. Certain Underwriters at Lloyd's of London*, 36 Cal. 4th 495, 501, 30 Cal. Rptr. 3d 787(2005) (quoting *Bank of the West, supra,* 2 Cal. 4th at 1264); Cal. Civ. Code § 1638. The "clear and explicit" meaning of contract provisions, "interpreted in their 'ordinary and popular sense,' unless 'used by the parties in a technical sense or a special meaning is given to them by usage,' controls judicial interpretation." |

OBJECTIONS TO DECLARATIONS OF JACK D. HARRISON, JAMES B. PANTHER, AND RICHARD MASTERS
11

| | | |
|---|---|---|
| 1<br>2<br>3<br>4 | | *AIU Ins. Co. v. Superior Court*, 51 Cal. 3d 807, 799 P.2d 1253 (1990).<br><br>**F.R.E. 802:** The Statement appears to be hearsay. |
| 5<br>6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20 | **Paragraph 9 (in its entirety):** "According to the Senior Field Adjuster of ACE, my claim for personal property was supposed to be covered because it was not subject to a special limit (See Exhibit 3)." | **F.R.E. 402:** The Defendant Bankers Standard's insurance policy at issue speaks for itself. Mr. Harrison's subjective understanding is irrelevant. "If contractual language is clear and explicit, it governs." *Boghos v. Certain Underwriters at Lloyd's of London*, 36 Cal. 4th 495, 501, 30 Cal. Rptr. 3d 787(2005) (quoting *Bank of the West, supra,* 2 Cal. 4th at 1264); Cal. Civ. Code § 1638. The "clear and explicit" meaning of contract provisions, "interpreted in their 'ordinary and popular sense,' unless 'used by the parties in a technical sense or a special meaning is given to them by usage,' controls judicial interpretation." *AIU Ins. Co. v. Superior Court*, 51 Cal. 3d 807, 799 P.2d 1253 (1990).<br><br>**F.R.E. 802:** Plaintiffs' statement is hearsay as Exhibit 3 entirely contradicts ¶9 of his declaration. |
| 21<br>22<br>23<br>24<br>25<br>26<br>27 | **Paragraph 12 (in its entirety):** Accounting of property loss and claim amounts Mr. Harrison claims that his insurance carriers still owe. | **F.R.E. 402:** The Defendant Bankers Standard's insurance policy at issue speaks for itself. Mr. Harrison's subjective understanding is irrelevant. "If contractual language is clear and explicit, it governs." *Boghos v. Certain Underwriters at Lloyd's of London*, 36 Cal. 4th 495, 501, 30 Cal. Rptr. 3d 787(2005) (quoting *Bank of the West, supra,* 2 Cal. 4th at 1264); Cal. Civ. Code |

28

OBJECTIONS TO DECLARATIONS OF JACK D. HARRISON, JAMES B. PANTHER, AND RICHARD MASTERS

12

| | |
|---|---|
| | § 1638. The "clear and explicit" meaning of contract provisions, "interpreted in their 'ordinary and popular sense,' unless 'used by the parties in a technical sense or a special meaning is given to them by usage,' controls judicial interpretation." *AIU Ins. Co. v. Superior Court*, 51 Cal. 3d 807, 799 P.2d 1253 (1990). |

### III. Panther Declaration

| Objectionable Text | Legal Objection(s) |
|---|---|
| **Paragraphs 1-6 (in their entirety):** Qualifications and background. | **F.R.E. 402**: Qualifications and background information not of consequence to the determination of Defendants' Motion to Dismiss because the conclusory "expert" testimony of Plaintiffs' attorney that follows is irrelevant, inadmissible and improper. |
| **Paragraphs 7-9 (in their entirety):** Quotation of policy provisions and Mr. Panther's interpretation thereof as applied to this case. | **F.R.E. 402:** The Defendant Bankers Standard's insurance policy at issue speaks for itself. Mr. Panther's "expert" interpretation of Defendants' policies is irrelevant and improper. "If contractual language is clear and explicit, it governs." *Boghos v. Certain Underwriters at Lloyd's of London*, 36 Cal. 4th 495, 501, 30 Cal. Rptr. 3d 787(2005) (quoting *Bank of the West, supra,* 2 Cal. 4th at 1264); Cal. Civ. Code § 1638. The "clear and explicit" meaning of contract provisions, "interpreted in their 'ordinary and popular sense,' unless 'used by the parties in a technical sense or a special meaning is given to them by usage,' controls judicial |

OBJECTIONS TO DECLARATIONS OF JACK D. HARRISON, JAMES B. PANTHER, AND RICHARD MASTERS

13

| | |
|---|---|
| | interpretation." *AIU Ins. Co. v. Superior Court*, 51 Cal. 3d 807, 799 P.2d 1253 (1990).<br><br>**F.R.E. 702:** There is no foundation that Mr. Panther possesses a higher degree of knowledge, skill, experience, training, or education than this Court to determine the application of the referenced policy provisions to this case.<br><br>The testimony invades the province of this Court. Under California law, the interpretation of an insurance policy is a question of law for the court. *MacKinnon v. Truck Ins. Exch.*, 31 Cal.4th 635, 647, 3 Cal.Rptr. 3d 228 (2003); *Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1, 18, 44 Cal. Rptr. 2d 370 (1995). An expert witness cannot give an opinion on an issue of law or provide legal conclusions. *See, e.g., Nationwide Transport Finance v. Cass Information Systems, Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008).<br><br>**F.R.E. 602:** To the extent that Mr. Panther offers lay opinions as opposed to "expert" opinions, there is no foundation that the witness has personal knowledge of the matter.<br><br>**F.R.E. 802**: Hearsay as to information provided by his clients and others which form the basis of his "understanding" (i.e., ¶5 ("I am aware that my clients. . ."); ¶7 ("I understand that. . .") |
| **Paragraph 10, Lines 16-22:** "From an underwriting standpoint, Bankers and | **F.R.E. 402:** The Defendant Bankers Standard's insurance policy at issue |

OBJECTIONS TO DECLARATIONS OF JACK D. HARRISON, JAMES B. PANTHER, AND RICHARD MASTERS
14

| | |
|---|---|
| ACE cannot use this limitation because there is a specific exception to this provision that clearly states that the Special Limits provision does not apply to personal property moved or being moved from the residence premises to a residence you newly acquire. Both the Colorado dwelling and the California dwelling are owned by the Harrisons at the time of the loss. Both properties meet the definition of 'residence premises'. The Colorado property is a dwelling that the Harrisons own or reside in. The California property is a dwelling that the Harrisons own or reside in." | speaks for itself. Mr. Panther's "expert" interpretation of Defendants' policies is irrelevant and improper. "If contractual language is clear and explicit, it governs." *Boghos v. Certain Underwriters at Lloyd's of London*, 36 Cal. 4th 495, 501, 30 Cal. Rptr. 3d 787(2005) (quoting *Bank of the West, supra,* 2 Cal. 4th at 1264); Cal. Civ. Code § 1638. The "clear and explicit" meaning of contract provisions, "interpreted in their 'ordinary and popular sense,' unless 'used by the parties in a technical sense or a special meaning is given to them by usage,' controls judicial interpretation." *AIU Ins. Co. v. Superior Court*, 51 Cal. 3d 807, 799 P.2d 1253 (1990).<br><br>**F.R.E. 702:** There is no foundation that Mr. Panther possesses a higher degree of knowledge, skill, experience, training, or education than this Court to determine the application of the referenced policy provision to this case.<br><br>The testimony invades the province of this Court. Under California law, the interpretation of an insurance policy is a question of law for the court. *MacKinnon v. Truck Ins. Exch.*, 31 Cal.4th 635, 647, 3 Cal.Rptr. 3d 228 (2003); *Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1, 18, 44 Cal. Rptr. 2d 370 (1995). An expert witness cannot give an opinion on an issue of law or provide legal conclusions. *See, e.g., Nationwide Transport Finance v. Cass Information Systems, Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008). |

OBJECTIONS TO DECLARATIONS OF JACK D. HARRISON, JAMES B. PANTHER, AND RICHARD MASTERS

15

| | |
|---|---|
| | **F.R.E. 602:** To the extent that Mr. Panther offers lay opinions as opposed to "expert" opinions, there is no foundation that the witness has personal knowledge of the matter. |
| **Paragraphs 12-14 (in their entirety):** Quotation of policy provisions and Mr. Panther's interpretation thereof as applied to this case. | **F.R.E. 402:** The Defendant Bankers Standard's insurance policy at issue speaks for itself. Mr. Panther's "expert" interpretation of Defendants' policies is irrelevant and improper. "If contractual language is clear and explicit, it governs." *Boghos v. Certain Underwriters at Lloyd's of London*, 36 Cal. 4th 495, 501, 30 Cal. Rptr. 3d 787(2005) (quoting *Bank of the West, supra*, 2 Cal. 4th at 1264); Cal. Civ. Code § 1638. The "clear and explicit" meaning of contract provisions, "interpreted in their 'ordinary and popular sense,' unless 'used by the parties in a technical sense or a special meaning is given to them by usage,' controls judicial interpretation." *AIU Ins. Co. v. Superior Court*, 51 Cal. 3d 807, 799 P.2d 1253 (1990).<br><br>**F.R.E. 702:** There is no foundation that Mr. Panther possesses a higher degree of knowledge, skill, experience, training, or education than this Court to determine the application of the referenced policy provisions to this case.<br><br>The testimony invades the province of this Court. Under California law, the interpretation of an insurance policy is a question of law. *MacKinnon v. Truck Ins. Exch.*, 31 Cal.4th 635, 647, 3 Cal.Rptr. 3d 228 (2003); *Waller v. Truck Ins. Exch.*, |

| | |
|---|---|
| | *Inc.*, 11 Cal. 4th 1, 18, 44 Cal. Rptr. 2d 370 (1995). An expert witness cannot give an opinion on an issue of law or provide legal conclusions. *See, e.g., Nationwide Transport Finance v. Cass Information Systems, Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008).<br><br>**F.R.E. 602:** To the extent that Mr. Panther offers lay opinions as opposed to "expert" opinions, there is no foundation that the witness has personal knowledge of the matter.<br><br>**F.R.E. 802**: Hearsay as to the policy provisions. |
| **Paragraphs 15-19 (in their entirety):** Mr. Panther's interpretation of Plaintiffs' total claim amounts, payments made under the policies, and coverage owed under the policies. | **F.R.E. 402:** The Defendant Bankers Standard's insurance policy at issue speaks for itself. Mr. Panther's "expert" interpretation of Defendants' policies is irrelevant. "If contractual language is clear and explicit, it governs." *Boghos v. Certain Underwriters at Lloyd's of London*, 36 Cal. 4th 495, 501, 30 Cal. Rptr. 3d 787(2005) (quoting *Bank of the West, supra,* 2 Cal. 4th at 1264); Cal. Civ. Code § 1638. The "clear and explicit" meaning of contract provisions, "interpreted in their 'ordinary and popular sense,' unless 'used by the parties in a technical sense or a special meaning is given to them by usage,' controls judicial interpretation." *AIU Ins. Co. v. Superior Court*, 51 Cal. 3d 807, 799 P.2d 1253 (1990).<br><br>**F.R.E. 702:** There is insufficient evidence that Mr. Panther bases his |

OBJECTIONS TO DECLARATIONS OF JACK D. HARRISON, JAMES B. PANTHER, AND RICHARD MASTERS

17

| | |
|---|---|
| | conclusions and calculations on "sufficient facts or data." There is also no evidence that Mr. Panther's conclusions are "the product of reliable principles or methods."<br><br>The testimony invades the province of this Court. Under California law, the interpretation of an insurance policy is a question of law. *MacKinnon v. Truck Ins. Exch.*, 31 Cal.4th 635, 647, 3 Cal.Rptr. 3d 228 (2003); *Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1, 18, 44 Cal. Rptr. 2d 370 (1995). An expert witness cannot give an opinion on an issue of law or provide legal conclusions. *See, e.g., Nationwide Transport Finance v. Cass Information Systems, Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008).<br><br>**F.R.E. 804:** ¶16 & 17 are hearsay. |

Dated: October 31, 2013

Respectfully submitted,

COZEN O'CONNOR

By: /S/ Joann Selleck
    JOANN SELLECK
    Attorneys for Defendant
    ACE CASUALTY AND INSURANCE COMPANY

OBJECTIONS TO DECLARATIONS OF JACK D. HARRISON, JAMES B. PANTHER, AND RICHARD MASTERS
18