Joann Selleck, Esq. (SBN 145557)
COZEN O'CONNOR
501 West Broadway
Suite 1610
San Diego, CA 92101
Telephone: 619.234.1700
Facsimile: 619.234.7831

Attorneys for Defendant
BANKERS STANDARD INSURANCE
COMPANY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK D. HARRISON and NAOMA HARRISON,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>BANKERS STANDARD INSURANCE COMPANY, ACE PROPERTY AND CASUALTY INSURANCE COMPANY, AMERICAN FAMILY MUTUAL INSURANCE COMPANY and BBVA COMPASS INSURANCE AGENCY, INC.; and DOES 1 through 50,<br><br>　　　　　　Defendants. | Case No. 13CV1682 DMS JMA<br><br>**DEFENDANT BANKERS STANDARD INSURANCE CO.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>*JURY TRIAL DEMANDED*<br><br>*Judge Dana M. Sabraw* |

　　Defendant Bankers Standard Insurance Company ("Bankers Standard" and/or "Defendant") hereby responds to Plaintiffs' First Amended Complaint (hereafter the "Complaint") as follows:

**PARTIES AND JURISDICTION**

　　1.　Responding to Paragraph 1 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

2. Responding to Paragraph 2 of the Complaint, Defendant admits the allegations.

3. Responding to Paragraph 3 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

4. Responding to Paragraph 4 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

5. Responding to Paragraph 5 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

6. Responding to Paragraph 6 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

7. Admitted.

8. Admitted.

## GENERAL ALLEGATIONS

9. Responding to Paragraph 9 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

10. Responding to Paragraph 10 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations

contained in said paragraph, and on that basis denies each and every allegation contained therein.

11. Admitted.

12. Responding to Paragraph 12 of the Complaint, denied as stated. The coverage provided is subject to all terms, conditions and provisions of the insurance contract alleged by Plaintiffs.

13. Responding to Paragraph 13 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

14. Responding to Paragraph 14 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

15. Responding to Paragraph 15 of the Complaint, Defendant asserts that Plaintiffs represented to Bankers Standard that on or about July 29, 2011, the Plaintiffs had rented a truck to move their personal belongings from Colorado to California with their personal vehicle being towed on a trailer. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

16. Responding to Paragraph 16 of the Complaint, Defendant asserts that Plaintiffs represented to Bankers Standard that Plaintiffs stopped overnight in New Mexico on the way to California where the truck with their belongings in it and car was stolen and reported to the police. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

17. It is admitted that a proof of loss was submitted. The balance of Plaintiffs' allegations are denied.

18. Admitted.

19. Responding to Paragraph 19 of the Complaint, Defendant denies each and every allegation contained therein.

20. Responding to Paragraph 20 of the Complaint, it is admitted that Defendant made payment in connection with Plaintiffs' claim. The balance of the allegations are denied.

21. Responding to Paragraph 21 of the Complaint, it is admitted that Plaintiffs made monetary demands. Defendant denies Plaintiffs' characterization of those demands.

22. Responding to Paragraph 22 of the Complaint, Defendant denies each and every allegation contained therein.

### SPECIFIC FACTS AS TO BANKERS/BBVA ("Bankers")

23. Responding to Paragraph 23 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein. It is denied that Defendants should be characterized as the same entity.

24. Responding to Paragraph 24 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein. It is denied that Defendants should be characterized as the same entity.

25. Responding to Paragraph 25 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every

allegation contained therein. It is denied that Defendants should be characterized as the same entity.

26. Responding to Paragraph 26 of the Complaint, Defendant asserts that Bankers Standard paid Plaintiffs. Defendant denies the remaining allegations contained in said paragraph. It is denied that Defendants should be characterized as the same entity.

27. Responding to Paragraph 27 of the Complaint, it is admitted that by letter dated June 19, 2012 from the adjuster for Bankers Standard, Plaintiffs were advised that under the terms of the Bankers Standard homeowner's policy, they were limited to recovery of ten percent (10%) of the highest personal property limit which was calculated to be $266,000 (i.e., 10% of $2,660,000). The ten percent limitation was due to the fact that the claimed personal property had been located at the Plaintiffs' Colorado home and never had been located at the 18519 Calle La Serra, Rancho Santa Fe, California 92091-0155 location, which was listed as the sole covered location in the Bankers Standard homeowner's policy. The balance of Plaintiffs' characterizations are denied.

28. Responding to Paragraph 28 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein. It is denied that Defendants should be characterized as the same entity.

29. Responding to Paragraph 29 of the Complaint, Defendant asserts that the Bankers Standard policies are written contracts the terms of which speak for themselves and denies Plaintiffs' characterization. It is denied that Defendants should be characterized as the same entity.

/ / /

/ / /

30. Responding to Paragraph 30 of the Complaint, Defendant denies Plaintiffs' allegations. It is denied that Defendants should be characterized as the same entity.

31. Responding to Paragraph 31 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein. It is denied that Defendants should be characterized as the same entity.

32. Responding to Paragraph 32, Defendant denies each and every allegation contained therein. It is denied that Defendants should be characterized as the same entity.

33. Responding to Paragraph 33 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein. It is denied that Defendants should be characterized as the same entity.

34. Responding to Paragraph 34 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every allegation contained therein. It is denied that Defendants should be characterized as the same entity.

35. Responding to Paragraph 35 of the Complaint, Defendant admits that it made payment to Plaintiffs under the terms of the policies. The balance of Plaintiffs' characterizations are denied. It is denied that Defendants should be characterized as the same entity.

///

///

36. Responding to Paragraph 36 of the Complaint, Defendant denies each and every allegation contained therein. It is denied that Defendants should be characterized as the same entity.

37. Responding to Paragraph 37 of the Complaint, Defendant admits that Plaintiffs' counsel advised Bankers Standard that Plaintiffs calculated their total claim in the amount of $722,456.49. It is denied that an additional sum of $455,953.47 was due from Bankers Standard. It is denied that Defendants should be characterized as the same entity. The balance of the allegations are also denied.

38. Admitted.

39. Responding to Paragraph 39 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every allegation contained therein. It is denied that Defendants should be characterized as the same entity.

40. Responding to Paragraph 40 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein. It is denied that Defendants should be characterized as the same entity.

41. Responding to Paragraph 41 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein. It is denied that Defendants should be characterized as the same entity.

42. Responding to Paragraph 42 of the Complaint, the letter from Plaintiffs' counsel is admitted. Plaintiffs' characterization of this writing is denied. It is denied that Defendants should be characterized as the same entity.

ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT
7

## FIRST CAUSE OF ACTION
## (Declaratory Judgment Against Bankers)

43. Responding to Paragraph 43 of the Complaint, Defendant incorporates by reference all of the responses above.

44. Responding to Paragraph 44 of the Complaint, Defendant denies each and every allegation contained therein.

45. Responding to Paragraph 45 of the Complaint, Defendant admits that Plaintiffs' homeowners and valuables policies apply to Plaintiffs' claim and that Defendant paid the amount due to Plaintiffs for their claim under the terms of their policies. Defendant denies the remaining allegations contained in said paragraph.

46. Responding to Paragraph 46 of the Complaint, Defendant denies each and every allegation contained therein.

## SECOND CAUSE OF ACTION
## (Breach Of Contract Against Bankers)

47. Responding to Paragraph 47 of the Complaint, Defendant incorporates by reference all of the responses above.

48. Responding to Paragraph 48 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

49. Responding to Paragraph 49 of the Complaint, Defendant denies each and every allegation contained therein.

50. Responding to Paragraph 50 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

/ / /

51. Responding to Paragraph 51 of the Complaint, in regard to Bankers Standard, Defendant denies each and every allegation contained therein.

52. Responding to Paragraph 52 of the Complaint, Defendant denies each and every allegation contained therein.

### THIRD CAUSE OF ACTION
**(For Violations of California Unfair Insurance Practices
Act B&P Code § 17200 Against Bankers)**

53. Responding to Paragraph 53 of the Complaint, Defendant incorporates by reference all of the responses above.

54. Responding to Paragraph 54 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

55. Responding to Paragraph 55 of the Complaint, Defendant denies Plaintiffs' allegation.

56. Responding to Paragraph 56 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

57. Responding to Paragraph 57 of the Complaint, in regard to Bankers Standard, Defendant denies each and every allegation contained therein.

58. Responding to Paragraph 58 of the Complaint, in regard to Bankers Standard, Defendant denies each and every allegation contained therein.

///
///
///
///

## FOURTH CAUSE OF ACTION
### (Breach of the Implied Covenant of Good Faith and Fair Dealing Against All Defendants - First Party Claim)

59. Responding to Paragraph 59 of the Complaint, Defendant incorporates by reference all of the responses above.

60. Responding to Paragraph 60 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

61. Responding to Paragraph 61 of the Complaint, in regard to Bankers Standard, Defendant denies each and every allegation contained therein.

62. Responding to Paragraph 62 of the Complaint, Defendant denies each and every allegation contained therein.

## AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE

63. The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

64. The Bankers Standard insurance policies are contracts, the terms of which, subject to all provisions of the documents, including limitations, exclusions and endorsements which speak for themselves and all of which are incorporated by reference herein.

### THIRD AFFIRMATIVE DEFENSE

65. In response to Plaintiffs' loss and Plaintiffs' claims, Bankers Standard has paid to Plaintiffs, or on Plaintiffs' behalf, what is due to Plaintiffs under the terms of the Bankers Standard insurance policies.

///
///

## FOURTH AFFIRMATIVE DEFENSE

66. The Bankers Standard homeowner's policy issued to Plaintiffs provides in part:

> 3. **Personal Property**
>
> a. We cover personal property owned or used by an *insured person* while it is anywhere in the world...
>
> b. **Special Limits of Insurance**
>
> The special limit for each category shown below is the total limit for each loss for all property in that category. These special limits do not increase the Personal Property limit...
>
> **(12) Personal Property At Other Residences**
> $10,000 or;
>    **(a)** 10% of the highest Personal Property limit for a dwelling; or
>
>    **(b)** 15% of the highest Personal property limit for a condominium, cooperative unit or apartment;
>
> whichever is greater, for direct physical loss to covered personal property usually located at an *insured person's* residence that is not the *residence premises*. The loss must be a loss covered by this policy.
>
> This special limit does not apply to personal property moved or being moved from the *residence premises* to a residence you newly acquire during the *policy period* within the first 60 days after moving the property there.

67. Additionally, the Bankers Standard homeowner's policy provides the following definition:

> **16.** *Residence premises* means:

> **a.** A one or two family dwelling, condominium, cooperative unit or apartment that you own or reside in; or
> **b.** That part of any other building where you reside;
> and which is shown as a location in the Declarations.
> *Residence premises* also includes other structures and grounds at that location.

## FIFTH AFFIRMATIVE DEFENSE

68. The Bankers Standard homeowner's policy issued to Plaintiffs provides in part:

> **PROPERTY CONDITIONS...**
>
> **6. Other Insurance And Service Agreement**
>
> If a loss covered by this policy is also covered by:
>
> **a.** Other insurance, we will pay only the proportion of the loss that the limit of insurance that applies under this policy bears to the total amount of insurance covering the loss...

## SIXTH AFFIRMATIVE DEFENSE

69. The Bankers Standard homeowner's policy issued to Plaintiffs provides in part:

> **PROPERTY CONDITIONS...**
>
> 1. Duties After Loss
>
> In case of a loss covered by this policy, we have no duty to provide coverage under this policy unless there has been full compliance with the following duties by an *insured person* or their representative:
>
> a. Give prompt notice to us or our agent;

  b. Notify the police in case of loss by theft or vandalism;

  c. Notify the appropriate law enforcement agency in case of loss as provided for in Extra Benefits **12.** Identity Fraud Expenses and **13.** Kidnap Expenses;

  d. Notify the appropriate financial institution in case of loss as provided for in Extra Benefit **14.** Credit Cards, Fund Transfer Cards, Forgery, Counterfeit Money and Home Banking;

  e. Protect the property from further damage. If repairs to the property are required, an *insured person* must:

   **(1)** Make reasonable and necessary repairs to protect the property; and

   **(2)** Keep an accurate record of repair expenses;

  f. Cooperate with us in the investigation of a claim;

  g. Prepare an inventory of damaged personal property showing the quantity, description and amount of loss. Attach all bills, receipts and related documents that justify the figures in the inventory;

  h. As often as we reasonably require:

   **(1)** Show the damaged property;

   **(2)** Provide us with records and documents we request and permit us to make copies; and

   **(3)** Submit to examination under oath, while not in the presence of another *insured person*;

  i. Send to us, within 60 days after our request, a signed, sworn proof of loss which sets forth, to the best of an *insured person's* knowledge and belief:

   (1) The time and cause of loss;

(2) The interests of all *insured persons* and all others in the property involved and all liens on the property;

(3) Other insurance which may cover this loss;

(4) Changes in title or occupancy of the property during the term of the policy;

(5) Specifications of damaged buildings and detailed repair estimates;

(6) The inventory of damaged personal property described in **g.** above;

(7) Receipts for additional living expenses incurred and records that support the fair rental value loss;

(8) Receipts, bills or other records that support your claim for *identity fraud expenses* or *kidnap* and *ransom expenses*; and

(9) Evidence or affidavit that supports a claim under Extra Benefit **14.** Credit Cards, Fund Transfer Cards, Forgery, Counterfeit Money And Home Banking, stating the amount and cause of loss.

70. Additionally, the Bankers Standard valuables policy issued to Plaintiffs provides in part:

**PART: TERMS AND CONDITIONS**

...

**WHAT TO DO AFTER A LOSS**

This section explains the steps *you* must take after a loss, in order for *us* to help you. If *you* don't take these steps, *we* may not be able to pay any money.

- **Step One: Notify Us**

    *You* must notify *us* or *our* agent as soon as possible...

---

ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

14

**In Case of Theft**

If the loss involved theft, *you* must notify the police as soon as possible.

- **Step Two: Submit All Claims**

    For *us* to pay under *your* Valuables Policy, *you* must submit a formal claim. Send *us* a signed, sworn proof of loss containing the information *we* request to investigate the claim. *You* must do this within 60 days after *our* request. *We* will supply *you* with the necessary forms.

    ...

- **Step Three: Cooperate with Our Investigation**

    *You* and anyone else who is making a claim must help *us* investigate and settle it.

    **1. Help Us Substantiate Your Claim**

    Anyone seeking damages must take these steps to help *us* investigate and prove the claim:

    **(a) Provide records, documents and proofs.** An *insured person* must provide any records, documents or proofs *we* ask for, and allow *us* to make copies of them.

    **(b) Exhibit damaged property.** An *insured person* must allow *us* to inspect and appraise damaged property before it is repaired or discarded.

    **(c) Swear under oath.** An *insured person* must be willing to submit to examination under oath and sign his or her testimony.

## SEVENTH AFFIRMATIVE DEFENSE

71. Plaintiffs' claim for punitive damages seeks relief which will violate the U.S. Constitution and the California Constitution to the extent that the imposition of punitive or exemplary damages may impair the obligation of contracts, in violation of Article I, Section 10, of the United State Constitution; it violates the commerce clause of the United States Constitution; constitutes a deprivation of property without due process, in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 7, of the California State Constitution; constitutes

excessive fines in violation of the Eighth Amendment of the United States Constitution and Article I, Section 17, of the California State Constitution; and will require the application of vague and ambiguous standards.

## EIGHTH AFFIRMATIVE DEFENSE

72. At all times relevant hereto, Defendant acted reasonably and in good faith in all dealings with the Plaintiffs and the claims at issue.

## NINTH AFFIRMATIVE DEFENSE

73. Defendant specifically reserves the right to assert additional affirmative defenses, including defenses based on the provisions of the insurance policies, as facts develop in the investigation and/or discovery as allowed and permitted under the United States and California law.

## PRAYER FOR RELIEF

WHEREFORE, Bankers Standard prays for judgment as follows:

1. An Order denying all relief requested by Plaintiffs and dismissing Plaintiffs' claims with prejudice;

2. An award to Bankers Standard of its costs and expenses in the defense of this action, including a reasonable award of attorneys' fees associated with this action as permitted by contract, statute, equity, and/or other applicable authority, including but not limited to Rule of the applicable Rules of Civil Procedure; and

3. Such other and further relief as the Court deems just and proper.

Dated: December 9, 2013    COZEN O'CONNOR

By: /S/ Joann Selleck
JOANN SELLECK
Attorneys for Defendant
BANKERS STANDARD INSURANCE COMPANY

# DEMAND FOR JURY

Defendant Bankers Standard Insurance Company hereby demands a jury trial in this matter.

Dated: December 9, 2013

COZEN O'CONNOR

By: /S/ Joann Selleck
    JOANN SELLECK
    Attorneys for Defendant
    BANKERS STANDARD INSURANCE COMPANY