UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jack D. Harrison et al.,<br><br>                               Plaintiffs,<br><br>vs.<br><br>Bankers Standard Insurance Company et al.,<br><br>                               Defendants. | Case No.:  13cv1682 BAS (JLB)<br><br>**ORDER GRANTING MOTION TO COMPEL PRODUCTION OF SETTLEMENT AGREEMENT**<br><br>**[ECF No. 130]** |

On May 11, 2015, this Court issued a Minute Order granting Defendant BBVA Compass Insurance Agency, Inc.'s ("BBVA" or "BCIA") Motion to Compel Production of Settlement Agreement, with a written order to follow.  (ECF No. 146.)  Accordingly, the Court issues the following written order **GRANTING** BCIA's Motion to Compel Production of Settlement Agreement.  (ECF No. 130.)

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Jack and Naoma Harrison are insureds under three insurance policies issued by Defendant Bankers Standard Insurance Company ("Bankers" or "BSIC"): (1) an auto policy; (2) a dwelling and umbrella policy; and (3) a valuables policy.  (ECF No. 64 at ¶ 13.)  Each of the three insurance policies had a policy period of July 20, 2011, through July 20, 2012.  (*Id*.)  The policies guaranteed coverage up to $2,600,000, and covered the Harrisons' personal property for limits of $2,419,000.  (*Id*. at ¶ 15.)  On July 28, 2011, Plaintiffs rented a truck to move their personal belongings from their home in Colorado to

1

their new home in California.  (*Id*. at ¶ 20.)  Plaintiffs were also towing their personal vehicle on a trailer behind the truck.  (*Id*.)  During the journey, Plaintiffs stopped overnight in New Mexico where their truck with all their belongings and their vehicle were stolen. (*Id*. at ¶ 21-22.)  Plaintiffs submitted a claim to BSIC under their policies.  (*Id*. at ¶ 23.) Defendants paid a portion of Plaintiffs' claim, but not the full amount.  (*Id*. at ¶ 29.)  As a result, Plaintiffs filed the present case.

The original Complaint alleged claims for declaratory judgment, breach of contract, violation of California Business and Professions Code § 17200 ("UCL"), bad faith, fraud and negligent misrepresentation against Defendants BSIC, Ace Property and Casualty Insurance Company, American Family Mutual Insurance Company and BCIA.  In response to the Complaint, Defendant American Family filed a motion to dismiss for lack of personal jurisdiction, which the Court granted.  (ECF No. 40.)  Defendant Ace also filed a motion to dismiss, which the Court granted.  (ECF No. 39.)  Defendant BSIC filed a motion to dismiss, which the Court granted in part and denied in part.  (*Id*.)  Plaintiffs thereafter filed the First Amended Complaint in which they allege claims for declaratory judgment, breach of contract, violation of the UCL and bad faith against Defendants BSIC and BCIA only. (ECF No. 41.)  The operative Complaint - Plaintiffs' Second Amended Complaint - adds claims for negligence and failure to advise on or secure coverage against BCIA.  (ECF No. 64.)

2

On January 23, 2015, Plaintiffs and Defendant BSIC filed a Notice of Settlement. (ECF No. 116.)  On January 27, 2015, all claims between Plaintiffs and Defendant BSIC were dismissed with prejudice. (ECF No. 118). On April 15, 2015, Defendant BCIA, the sole remaining defendant, filed the instant Motion to Compel.  (ECF No. 130.)  On April 27, 2015, Plaintiffs filed a Motion to Dismiss Partial Claims against Defendant BCIA. (ECF No. 139.)   Plaintiffs sought to dismiss: (1) all agency allegations as between Defendant BSIC and Defendant BCIA: (2) the third claim for violation of California's Unfair Business Practices Act; and (3) the fifth claim for breach of implied covenant of good faith and fair dealing.  (*Id*.)  On May 19, 2015, after the instant Motion to Compel was granted, the District Judge granted Plaintiffs' Motion to Dismiss Partial Claims. (ECF No. 149.)   To date, there are two remaining claims against Defendant BCIA: (1) claim four for negligence; and (2) claim six for failure to advise on or secure coverage.[1]  (ECF No. 64.)

## II. MOTION TO COMPEL

The instant Motion to Compel seeks a court order compelling Plaintiffs to produce the Settlement Agreement reached by Plaintiffs and Defendant BSIC.  (ECF No. 130.) BCIA argues that it is "entitled to request the production of the Settlement Agreement as the settlement amount will off-set any further damages awarded to Plaintiffs."  (*Id*. at 4.)

_____

[1] Plaintiffs' Motion for Leave to File a Third Amended Complaint was denied on May 19, 2015.  (ECF No. 149.)

13cv1682 BAS (JLB)

1   BCIA argues that Plaintiffs have "alleged that BCIA's and Banker's [BSIC] purported acts

2   combined to make one indivisible injury" – the purported failure to provide adequate

3   insurance coverage.  (*Id.* at 4-6.)  "Plaintiffs argue that BCIA is liable for any personal

4   property damages in excess of the Bankers' [BSIC] policy limits meaning BCIA is

5   purportedly liable for any damages not covered by Bankers [BSIC] . . . ."  (*Id.* at 6, citing

6   Exhibit F.)  Accordingly, "BCIA is a joint tortfeasor . . . [and thus] entitled to offset the

7   settlement amount against Plaintiffs' future damages claims."  (*Id.*)

8        Plaintiffs oppose the Motion to Compel and argue that the Settlement Agreement

9   need not be produced because it is not relevant to BCIA's defense.  (ECF No. 134 at 5.)

10        This Court ruled BSIC properly applied the 10% sublimit, and held the
    Plaintiffs' policy limit under the BSIC policy was $266,000.00. [Docket No.
11   39]. The Court went on to state that the American Family policy limit was
    $269,100. [Docket No. 39]. Plaintiffs' alleged losses as a result of the theft
12   were $722,456.49. [Compl., ¶ 34]. Based on these numbers, Plaintiff's (sic)
    damages claim against BCIA is $187,356.49 because the Harrisons were told
13   by BCIA they were fully covered when in fact they were [not]. Thus, the
    settlement agreement would not shed any additional light as to BCIA's
14   liability to Plaintiffs because the settlement agreement between BSIC and
    Plaintiffs relates to BSIC contractual liability under the policy limits, which
15   has nothing to do with BCIA's negligence liability.

16   (*Id.* at 6.)  Thus, Plaintiffs argue that the Settlement Agreement is not relevant to the

17   remaining Defendant and claims in this case and should not be produced.  (*Id.*)

18        Additionally, Plaintiffs argue that BSIC and BCIA are not joint tortfeasors, that the

19   harm is divisible, and that BCIA is not entitled to an offset under California Code of Civil

20   Procedure § 877.  Plaintiffs contend that BSIC was sued for breach of contract, whereas

4

1   BCIA is being sued primarily for negligence.  Accordingly, BSIC and BCIA are not "joint

2   tortfeasors for the same wrong and same loss.  The wrongs and damages BSIC and BCIA

3   committed are different, distinct and divisible."  (*Id*. at 7.)

4        Finally, Plaintiffs submit that the Settlement Agreement is confidential and should

5   not be compelled in light of California's "strong public policy favoring settlements that

6   extends to confidential settlement agreements."  (*Id*. at 9.)

7        In its Reply, BCIA argues that "it is irrelevant whether BCIA is a joint tortfeasor

8   [or not,] as overlapping liability for the same injury entitles BCIA to offset the amount of

9   its liability to prevent double recovery for the same injury."[2]  (ECF No. 136 at 2.)  BCIA

10  contends that the "actual settlement amount Plaintiffs received from Bankers determines

11  BCIA's set-off claims as opposed to the $266,000 policy limit."  (*Id*. at 8.)  Finally, BCIA

12  argues that "a confidentiality provision does not overrule BCIA's interest in obtaining

13  relevant evidence."  (*Id*.)

## III. LEGAL STANDARD

15       The Federal Rules of Civil Procedure generally allow for broad discovery,

16  authorizing parties to obtain discovery regarding "any nonprivileged matter that is relevant

17

---

18  [2]  BCIA also argues that Plaintiffs are "judicially estopped from arguing that Bankers['] [BSIC] liability
    in this matter is capped at the $266,000 policy limit as Plaintiffs previously took the opposite position" –
19  that they are entitled to full coverage.  (ECF No. 136 at 2.)  However, the Court found that BSIC did not
    breach the contract when it properly applied the 10% sublimit.  (ECF No. 39 at 3-5.)  Accordingly, the
20  Court found that Plaintiffs' policy limit under the BSIC policy was $266,000.00.  (*Id*.)  Plaintiffs' position
    is consistent with the Court's ruling.

5

1   to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Also, "[f]or good cause, the

2   court may order discovery of any matter relevant to the subject matter involved in the

3   action." *Id.* Relevant information for discovery purposes includes any information

4   "reasonably calculated to lead to the discovery of admissible evidence," and need not be

5   admissible at trial to be discoverable. *Id.* District courts have broad discretion to determine

6   relevancy for discovery purposes. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir.

7   2002). Similarly, district courts have broad discretion to limit discovery where the

8   discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some

9   other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P.

10  26(b)(2)(C)(i). Limits should be imposed where the burden or expense outweighs the

11  likely benefits. Fed. R. Civ. P. 26(b)(2)(C)(iii).

12      Rule 37 of the Federal Rules of Civil Procedure enables the propounding party to

13  bring a motion to compel disclosure or discovery. Fed. R. Civ. P. 37(a)(3)(B). "The party

14  seeking to compel discovery has the burden of establishing that its request satisfies the

15  relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the

16  burden of showing that the discovery should be prohibited, and the burden of clarifying,

17  explaining or supporting its objections." *Bryant v. Ochoa*, 2009 WL 1390794 at *1 (S.D.

18  Cal. May 14, 2009). Those opposing discovery are "required to carry a heavy burden of

19  showing" why discovery should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418,

20  429 (9th Cir. 1975).

# IV. ANALYSIS

## A. Relevancy

BCIA argues that the Settlement Agreement is relevant to determining offset and accordingly, its production should be compelled.  Plaintiffs argue that BSIC is not legally responsible for paying anything above the $266,000.00 policy limit, and that Plaintiffs are seeking only the remaining $187,356.49 from BCIA.  (ECF No. 134 at 10.)  BCIA is not entitled to an offset, and accordingly, the Settlement Agreement is irrelevant.  (*Id.*)

California Code of Civil Procedure Section 877, in relevant part, provides:

> Where a release, dismissal with or without prejudice, or a covenant not to sue or not to enforce judgment is given in good faith before verdict or judgment to one or more of a number of tortfeasors claimed to be liable for the same tort, or to one or more other co-obligors mutually subject to contribution rights, it shall have the following effect:

> > (a) It shall not discharge any other such party from liability unless its terms so provide, but it shall reduce the claims against the others in the amount stipulated by the release, the dismissal or the covenant, or in the amount of the consideration paid for it, whichever is the greater.

"Whether individuals are joint tortfeasors under § 877 depends upon whether they caused 'one indivisible injury' or 'the same wrong.'"  *In re JTS Corp.*, 617 F.3d 1102, 1116 (9th Cir. 2010) (citing *May v. Miller*, 228 Cal. App. 3d 404, 407 (1991); *Lafayette v. County of Los Angeles*, 162 Cal. App. 3d 547, 554 (1984)).

While Plaintiffs argue that "BSIC and BCIA were not joint tortfeasors, nor was there 'one indivisible injury,'" Plaintiffs' Second Amended Complaint sets forth a very different

7

1   picture. "The Harrisons were informed by Bankers [BSIC] and BBVA [BCIA] that the

2   Bankers Policies would provide them coverage before, during and after their move from

3   their home in Colorado to another home they owned in Rancho Santa Fe." (*See* ECF No.

4   64 at ¶ 19.) "When the Harrisons purchased the Bankers Policies, no one explained any

5   limits on coverage during the move. If they had, the Harrisons would have purchased

6   additional coverage. The actions of BBVA and Bankers in not explaining limits on

7   coverage was below the standard of due care of an insurance practitioner in the community,

8   thus, causing Plaintiffs' damages set forth herein." (*Id*. at ¶ 37.) The Second Amended

9   Complaint clearly alleges that the actions by BSCI and BCIA combined to make one

10  indivisible injury – the failure to provide the insurance requested by Plaintiffs.

11      Additionally, Plaintiffs have alleged that both BSIC and BCIA[3] breached the implied

12  covenant of good faith and fair dealing - a cause of action that can sound in tort.[4] (ECF

13

14

15  _____

    [3] This claim has since been dismissed as to both defendants. (*See* ECF Nos. 118, 149.)

16  [4] "The implied covenant [of good faith and fair dealing] imposes certain obligations on contracting parties
    as a matter of law—specifically, that they will discharge their contractual obligations fairly and in good

17  faith." *Mundy v. Household Fin. Corp.*, 885 F.2d 542, 544 (9th Cir. 1989) (citing *Koehrer v. Sup. Ct.*,
    181 Cal. App. 3d 1155, 1169 (1986)); *see also Guz v. Bechtel Nat. Inc.*, 24 Cal. 4th 317, 349 (2000) ("The

18  covenant of good faith and fair dealing, implied by law in every contract, exists merely to prevent one
    contracting party from unfairly frustrating the other party's right to receive the benefits of the agreement

19  actually made."). Because the covenant is a contract term, however, compensation for its breach has
    almost always been limited to contract rather than tort remedies. *Foley v. Interactive Data Corp.*, 47 Cal.

20  3d 654, 684 (1988). An exception to this general rule is in the context of insurance contracts. *Id*.; *see
    also Harris v. Wachovia Mortgage, FSB*, 185 Cal. App. 4th 1018, 1023 (2010) ("[T]he tort of breach of
    the covenant of good faith and fair dealing applies only in the context of insurance contracts.").

1   No. 64 at 12.)  Thus, Plaintiffs' own allegations are in conflict with their argument that

2   BSIC and BCIA are not joint tortfeasors.  (*See* ECF No. 134 at 7.)

3        The Court acknowledges that Plaintiffs' motion to dismiss all allegations of agency

4   as to BSIC and BCIA was granted.  (*See* ECF No. 149.)  However, the Court is not

5   persuaded that Plaintiffs can initially allege agency, dismiss those allegations once one

6   joint tortfeasor has settled, and thereby avoid the consequences of California Code of Civil

7   Procedure Section 877.

8        The Court finds that BCIA has met its initial burden of showing relevancy, and that

9   Plaintiffs have failed to establish that there are no possible terms in the Settlement

10  Agreement that could support BCIA's position that it is entitled to an offset.  Accordingly,

11  the Settlement Agreement is discoverable.

12  **B. Confidentiality**

13       Plaintiffs argue that the Settlement Agreement is confidential and should not be

14  compelled.   BCIA argues that its interest in obtaining relevant evidence outweighs

15  Plaintiffs' confidentiality objection.

16       Courts "must balance [one party's] interest in the discovery of potentially relevant

17  information against [another party's] interest in protecting a settlement negotiated with the

18  expectation of confidentiality."  *MedImmune, L.L.C. v. PDL BioPharma, Inc.*, 2010 WL

19  3636211 at *2 (N.D. Cal. 2010).  In this instance, Plaintiffs' confidentiality interests must

20  yield to disclosure of the Settlement Agreement, as it is directly relevant to determining

9

the offset of damages.  Accordingly, the Court **OVERRULES** Plaintiffs' confidentiality

objection.

## V. CONCLUSION

For the reasons set forth above, Defendant BCIA's Motion to Compel Production of

Settlement Agreement is **GRANTED**.  Plaintiffs shall produce, within ten calendar days

of entry of this Order, the BSIC Settlement Agreement.  The Agreement shall be produced

pursuant to the parties' stipulated Protective Order.  (*See* ECF No. 84.)

**IT IS SO ORDERED.**

Dated:  June 9, 2015

Hon. Jill L. Burkhardt
United States Magistrate Judge

10